IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| EDEN GARCIA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:25-CV-12 |
| | § | |
| CITY OF LUBBOCK, TEXAS, | § | |
| KIM KANE, | § | |
| And NATHON BOYD, | § | |
|     Defendants. | § | |

## CITY OF LUBBOCK'S ORIGINAL ANSWER

COMES NOW, CITY OF LUBBOCK, one of the Defendants in the above titled and numbered cause, and files this it Original Answer to Plaintiff's Original Complaint ("Complaint") and would respectfully show the Court as follows:

### I.

### Response to Nature of Action

1. Defendant, City of Lubbock, admits that Kim Kane and Nathon Boyd were police officers with the City of Lubbock on October 25, 2023 when they arrested Plaintiff, Eden Garcia and were acting under color of law when they arrested Eden Garcia. City of Lubbock denies the remainder of the allegations in paragraph 1 of the Complaint.

2. City of Lubbock admits that Plaintiff brings a cause of action against the City of Lubbock and two of its police officers, Kim Kane and Nathon Boyd, under 42 U.S.C. § 1983 for excessive force. City denies the remainder of the allegations in paragraph 2 of the Complaint, including denying that Plaintiff's case has any merit.

3. City of Lubbock denies the allegations asserted in paragraph 3 of the Complaint.

4. City of Lubbock admits that many of the policies of the City of Lubbock regarding the Lubbock Police Department were delegated to the Chief of Police and that the Chief of Police oversaw the day-to-day operations of the Lubbock Police Department. City of Lubbock denies the remainder of the allegations asserted in paragraph 4 of the Complaint.

5. City of Lubbock denies the allegations asserted in paragraph 5 of the Complaint.

6. City of Lubbock admits that Plaintiff seeks damages against the Defendants in this case but denies that he is entitled to any damages. The remainder of the allegations in paragraph 6 are denied.

## II.

### Response to Parties

7. City of Lubbock admits to the assertion in paragraph 7.

8. City of Lubbock admits that the City of Lubbock is a municipality incorporated under the laws of the State of Texas, and that on October 25, 2023, during this incident, it employed police officers Kim Kane and Nathon Boyd, that it operates and funds the Lubbock Police Department, and that the City Council, City Manager, and Chief of Police are each responsible, to a degree, for the implementation of the Police Department's budget, policies, procedures and practices. City of Lubbock also admits that it can be served by serving its City Manager at 1314 Avenue K, Lubbock, Texas 79401. City of Lubbock denies the remainder of the allegations in this paragraph at this time.

9. City of Lubbock admits to the assertions in paragraph 9 of the Complaint.

10. City of Lubbock admits to the assertions in paragraph 10 of the Complaint.

### III.

### Response to Jurisdiction and Venue

11. City of Lubbock admits that jurisdiction is proper in this Court.

12. City of Lubbock admits that venue is proper in this court.

### IV.

### Response to Facts

13. City of Lubbock admits that on October 25, 2023, Lubbock police officers responded to a domestic disturbance call at 3417 E. 17th Street, Lubbock, Texas and that officers Kane and Boyd responded to the call and that the initial response started at about 10:24 P.M. City of Lubbock denies the remainder of the allegations in paragraph 13.

14. City of Lubbock admits that the officers treated him as a suspect regarding the domestic disturbance call. City of Lubbock denies the remainder of the assertions in paragraph 14.

15. City of Lubbock denies the assertions made in paragraph 15 of the Complaint.

16. City of Lubbock admits that Boyd attempted to place Plaintiff under arrest and Plaintiff resisted. City of Lubbock denies the remainder of the allegations made in paragraph 16 as made by Plaintiff.

17. City of Lubbock admits that Plaintiff suffered some injuries to his face during the arrest and required some medical treatment. City of Lubbock is without sufficient information to admit or deny the assertions regarding he necessity of dental work. City of Lubbock is also without sufficient information to admit or deny whether Plaintiff suffered a concussion. The remainder of the assertions in paragraph 17 are denied.

18. City of Lubbock denies the assertions in paragraph 18.

19. City of Lubbock denies the assertions in paragraph 19.

20. City of Lubbock admits that Officer Kane delivered palm strikes to the left side of Plaintiff's head as he resisted arrest. City of Lubbock denies the remaining assertions in paragraph 20.

21. City of Lubbock admits that Plaintiff incurred some injuries to his face during the arrest. City of Lubbock denies the remainder of the allegations in paragraph 21 of the Complaint.

22. City of Lubbock admits that Plaintiff was 18 years old. City of Lubbock is without sufficient information to admit or deny the Plaintiffs height or weight. City of Lubbock denies the remainder of the assertions in paragraph 22.

23. City of Lubbock admits that Plaintiff said he needed to go to EMS because his head hurt. City of Lubbock lacks sufficient information at this time to admit or deny whether Kane initially transported Plaintiff to the Detention Center before takin Plaintiff to University Medical Center. City of Lubbock denies any other allegations made in paragraph 23 of the Complaint.

24. City of Lubbock lacks sufficient information at this time to admit or deny whether Kane transported Plaintiff to the Detention Center before taking him to University Medical Center. City of Lubbock denies that Plaintiff lost consciousness and denies that Kane pulled her vehicle over to check on Plaintiff while transporting him. City of Lubbock denies any other allegations in paragraph 24.

25. City of Lubbock lacks sufficient information at this time to admit or deny whether Kane stopped for gas. If she did stop, however, she did not speak with Boyd while doing so. City of Lubbock also does not have sufficient information at this time to admit or deny whether Kane transported Plaintiff to the Detention Center before going to University Medical Center. City of Lubbock denies the remainder of the assertions in paragraph 25.

26. At this time, City of Lubbock lacks sufficient information to know if Kane initially transported him to the Lubbock Detention Center before transporting him to University Medical Center or

if the personnel at the Detention Center instructed Kane to take him to University Medical Center. If further response is required, the City of Lubbock denies the remaining allegations I paragraph 26.

27. City of Lubbock denies the assertions made in paragraph 27.

## V.

### Response to Count I – Excessive Force

28. City of Lubbock incorporates the prior responses made in paragraphs 1-27.

29. City of Lubbock denies the allegation made in paragraph 29.

30. City of Lubbock admits that City officers had a duty to avoid inflicting unjustified bodily injury and not to violate Plaintiff's constitutional rights but denies that officers did either. Any other assertions in paragraph 30 are denied.

31. City of Lubbock denies the allegations made in paragraph 31.

32. City of Lubbock denies the assertion made in paragraph 32.

33. City of Lubbock denies the assertions made in paragraph 33.

34. City of Lubbock denies the assertions made in paragraph 34.

35. City of Lubbock denies the assertions made in paragraph 35.

36. City of Lubbock denies the assertions made in paragraph 36.

### Response to Count II - Municipal Liability

37. City of Lubbock incorporates the prior responses made in paragraphs 1-36.

38. City of Lubbock denies the assertions made in paragraph 38. Defendants specifically deny that its employees or the City is liable for gross negligence under 42 U.S.C. § 1983.

39. City of Lubbock admits that Kim Kane and Nathon Boyd were acting under color of law.

40. City of Lubbock does not know which policy Plaintiff is referring and, therefore, lacks sufficient information to admit or deny such assertion. City of Lubbock denies that its officers acted pursuant to any unconstitutional custom or policy. To the extent further response is required, City of Lubbock denies the assertions in paragraph 40.

41. City of Lubbock admits that neither Kane or Boyd received any disciplinary action arising from the arrest in this instance and denies that excessive force was used during the arrest. To the extent further response is required, City of Lubbock denies the assertions in paragraph 41.

42. City of Lubbock denies each and every assertion made in paragraphs 42 a-j.

43. City of Lubbock denies the assertions in paragraph 43.

44. City of Lubbock denies that it does not investigate allegations of excessive force and denies that it fails to discipline its officers when excessive force is used. The City of Lubbock denies any other assertions made in paragraph 44.

45. City of Lubbock denies the assertions in paragraph 45 including that Plaintiff is entitled to recover damages against the City of Lubbock or the other defendants in this case.

46. City of Lubbock denies that it had any unconstitutional customs or policies as it relates to unnecessary use of force. The City of Lubbock denies the remainder of the assertions in paragraph 46.

47. City of Lubbock denies the assertions made in paragraph 47.

48. City of Lubbock denies the assertions made in paragraph 48.

49. City of Lubbock admits that no external body or organization reviews actions of police officers. The remainder of the allegations in paragraph 49 are denied.

50. City of Lubbock denies the assertions made in paragraph 50.

51. City of Lubbock denies the assertions made in paragraph 51 including that it tolerated a custom and practice of officers utilizing unnecessary force during arrests.

## Response to Count III – Municipal Liability

52. City of Lubbock incorporates the prior responses made in paragraphs 1-51.

53. City of Lubbock denies that its officers used excessive force during the arrest of Plaintiff in this instance. To the extent necessary, City of Lubbock denies the remaining assertions in paragraph 53.

54. City of Lubbock denies that its officers used excessive force during the arrest of Plaintiff in this instance and denies the remaining assertions in paragraph 54.

55. City of Lubbock denies that the officers in this instance should have been disciplined and denies the remaining allegations in paragraph 55.

56. City of Lubbock denies the assertions made in paragraph 56.

57. City of Lubbock specifically denies that it has sheriff deputies. City Lubbock denies that Plaintiff suffered any constitutional deprivation and denies any remaining assertions in paragraph 57.

58. While the City of Lubbock admits that Kane and Boyd were acting under color of law, it denies that excessive force was used during the arrest. The City of Lubbock denies that it condones the use of excessive force when arresting individuals and asserts that it trains its officers properly regarding the amount of force that can be utilized during an arrest. The City of Lubbock denies any other allegations asserted in paragraph 58.

59. City of Lubbock denies the allegations made in paragraph 59.

60. City of Lubbock denies the assertions in paragraphs 60(a)- (g) of the Complaint.

61. City of Lubbock denies the assertions in paragraph 61 and denies that Plaintiff's constitutional rights were violated.

### Response to Count IV – Municipal Liability

62. City of Lubbock incorporates the prior responses made in paragraphs 1-61.

63. City of Lubbock admits that it did not issue discipline to Kane and Boyd regarding any of their actions regarding this incident and deny that any such discipline was necessary. City of Lubbock denies the remainder of the allegations in paragraphs 63(a) – (d).

64. City of Lubbock admits that it did not issue discipline to Kane and Boyd regarding any of their actions regarding this incident and deny that any such discipline was necessary. City of Lubbock denies the remainder of the allegations in paragraph 64.

### Response to Damages

65. City of Lubbock incorporates the prior responses made in paragraphs 1-64.

66. City of Lubbock denies that Plaintiff is entitled to any damages due to excessive use of force during the arrest.

67. City of Lubbock denies that Plaintiff is entitled to punitive damages from any defendant and affirmatively asserts that the City of Lubbock is immune from the imposition of punitive damages under 42 U.S.C. § 1983.

68. City of Lubbock denies that Plaintiff is entitled to prejudgment interest or post judgment interest in this matter.

69. City of Lubbock denies that Plaintiff should recover costs of court.

70. City of Lubbock denies that Plaintiff should recover attorney's fees from the City of Lubbock.

### Response to Trial by Jury

71. City of Lubbock acknowledges that Plaintiff has requested a jury trial.

### Response to Prayer

72. City of Lubbock denies that Plaintiff is entitled to any of the relief sought.

### Affirmative Defenses

73. This Defendant affirmatively asserts that it cannot be held liable on theories of *respondeat superior* as to any claim for violation of civil rights.

74. This Defendant affirmatively asserts that it has no custom or policy that allows the use of excessive force.

75. Defendant affirmatively asserts that it is not liable for any unconstitutional activity, if any occurred, in that this Defendant did not authorize, participate, approve, or acquiesce in any unconstitutional activity.

76. Defendant affirmatively asserts that if it has any unconstitutional policy or custom, there is no causal link between any such policy or custom and any unconstitutional deprivation or injuries suffered by the Plaintiffs.

77. Defendant affirmatively asserts that any damages suffered by Plaintiff were due to his own actions and were not due to any wrongful act of the officers involved in the detention or apprehension of Plaintiff or from any unconstitutional policies of the City of Lubbock.

78. Defendant affirmatively asserts that Plaintiff is not entitled to attorney's fees, expenses or costs.

79. Defendant affirmatively asserts that it is not liable for exemplary damages pursuant to 42 U.S.C. § 1983 or any other statute.

80. Defendant affirmatively asserts that the actions of its officers were lawful and did not violate Plaintiff's constitutional rights.

81. Defendant affirmatively asserts that the City of Lubbock officers are trained properly and that its officers comply with state mandated training standards as mandated by the State of Texas via the Texas Commission on Law Enforcement (TCOLE).

82. Defendant asserts that Plaintiff has failed to mitigate any damages they may have suffered.

83. Defendant asserts that Plaintiff was the sole cause and producing cause of the events out of which this litigation arises and of any damages suffered by the Plaintiff.

84. Defendants, Boyd and Kane, are and were at all times relevant to this lawsuit, commissioned peace officers, duly licensed by the City of Lubbock Police Department.  Each officer was fully licensed and met all of the standards for licensure set out by law and as governed by the State of Texas through the Texas Commission on Law Enforcement Standards and Education. Such license was in full force and effect at all times relevant to this lawsuit.

85. Defendant affirmatively asserts that it trains its officers properly regarding the proper use of force and disciplines its officers, as necessary when force used is more than necessary under the totality of the circumstances and supervises its officers appropriately.

86. Defendant affirmatively asserts that it has no unconstitutional customs, policies or practices as it pertains to the use of force officers use during arrest.

## PRAYER

**WHEREFORE, CITY OF LUBBOCK** prays that Plaintiff take nothing by this suit and the Defendant recover all costs, attorneys fees and  together with such other and further relief to which it may be justly entitled.

Respectfully submitted

RYAN BROOKE
Assistant City Attorney
State Bar No. 24090011
P O Box 2000
Lubbock, Texas 79457
806-775-2222
Fax 806-775-3307
rbrooke@mylubbock.us

/s/ *RYAN BROOKE*

ATTORNEY FOR CITY OF LUBBOCK

# CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February, 2025, I electronically filed the foregoing document with the clerk of the court for the U. S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  The electronic filing system sent a "Notice of Electronic Filing" to the following by electronic means.

Blerim Elmazi, Esq.
Law Offices of Blerim Elmazi, PLLC
3010 LBJ Freeway, Suite 1450
Dallas, Texas 75234
Telephone 682-888-0091
blerim@ElmaziLaw.com

*/s/ RYAN BROOKE*